IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2015 APR -2 PM 4: 53
DEPUTY CLERK _____

| | | |
|---|---|---|
| BRENT RAY BREWER, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| V. | § | Civil Action No. 2:15-CV-50-J |
| | § | |
| WILLIAM STEPHENS, Director, | § | (Death Penalty Case) |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Brent Ray Brewer filed *ex parte* and under seal a motion for appointment of additional co-counsel (ECF No. 7). Following this Court's *ex parte* order to identify which portions, if any, of that motion which needed to be filed *ex parte* (ECF No. 8), Brewer refiled the motion for appointment of additional co-counsel including certificates of conference with and service upon the Attorney General of the State of Texas ("Motion," ECF No. 9). The certificate of conference states the Motion is unopposed (ECF No. 9 at 1). The Court finds that the refiled Motion (ECF No. 9) supersedes and replaces the *ex parte* motion (ECF No. 7). No showing has been made of a need to proceed *ex parte*, and this order resolving both motions is not entered *ex parte or under seal.*

I.

On February 26, 2015, this Court appointed two qualified counsel to represent petitioner Brewer.[1] (Order, ECF No. 3.) The instant Motion requests the Court "reconsider its earlier decision

---

[1] The motion includes language which could be read as suggesting that Brewer also represents himself in these proceedings. (Mot. at 1.) Hybrid representation is not authorized by this Court and would be inconsistent with the request to appoint counsel in these proceedings.

denying the motion of the Capital Habeas Unit of the Philadelphia Community Defender Office (PCDO) to be appointed to represent Mr. Brewer" and appoint that Capital Habeas Unit as co-counsel in this case. (Mot. at 1.) The Motion asserts: "All of the work of the Philadelphia Capital Habeas Unit will come at no cost to the Court. All work, including expenses, will be at the expense of the Capital Habeas Unit." (Mot. at 8.) The original motion to appoint counsel (Docket #1) included a similar declaration stating:

> Since 1995, the FCDO has received a sustaining grant from the Administrative Office of the United States Courts to represent death-sentenced prisoners in federal habeas corpus proceedings. Because of its sustaining grant, the Federal Community Defender will not require any funding from this Court for attorney fees, investigation or travel expenses, or expert witness expenses, should expert witnesses be needed.

(ECF No. 1 at 5.) Based on the representations that there will be no monies requested from this Court if the PCDO is appointed, the Court finds that the appointment of additional counsel will not increase cost, should reduce costs, and is in the interest of the public fisc. Therefore, the Court grants the motion to reconsider its prior order. If the representations that no costs will be incurred is no longer true, counsel is ordered to notify the Court immediately.

The Motion to appoint additional co-counsel (ECF No. 9) is **GRANTED** to the extent that **Peter J. Walker** and **Shawn Nolan** of the Capital Habeas Unit of the Philadelphia Community Defender Office are **APPOINTED** as co-counsel in this case, subject to further order of this Court.

II.

The granting of petitioner's motion results in four counsel having now been appointed to represent Brewer in these proceedings. Other than the fact that counsel has determined approximately four and one-half months remain until the petition must be filed, and the issues of lead counsel's health, the motion does not set out any reasons to warrant the appointment of more than

2

two counsel in these proceedings. Further, the original motion requested that the Office of the Federal Public Defender for the Northern District of Texas serve as local counsel in this case. Since the present request for appointment of additional counsel was based, in part, due to the health problems of the lead counsel, Mr. Charlton, and since lead counsel resides in a different state, the Court must reconsider the initial appointment. Therefore, all appointed counsel are **DIRECTED** to file with this Court a joint statement explaining whether more than two counsel are needed to represent Brewer and, if so, why. The joint statement shall also identify which two attorneys should remain formally appointed in the event that the Court finds that only two attorneys are needed.

### III.

The Court also notes that issues regarding whether trial counsel adequately investigated and presented mitigating evidence were extensively litigated in the state court.[2] (Mot. at 2-7.) The provisions of 28 U.S.C. § 2254 require the development and exhaustion of claims in state court, and this Court ordinarily must defer to the findings of the state court. These allegations suggest that the existing page limitations may be inadequate for the necessary briefing in this case. *See* N.D. Tex. Civ. R. 7.2.

In order to set appropriate guidelines for briefing in this case, the Court finds that each side (the petitioner and the respondent) shall be allowed a total number of pages as set out in the following briefing schedule.[3]

---

[2] The motion acknowledges that state habeas counsel received applicable expert reports, that the state habeas court provided $13,000 for investigative assistance that "produced the ineffectiveness mitigation claim in the state petition," and that the state habeas petition was more than 400 pages in length. (Mot. at 2-4.) The motion also alleges that work performed on Brewer's case has resulted in "18 bankers' boxes of documents and at least one large thumb drive of electronic documents" that may be in addition to trial counsel's files, which "have been uploaded to a cloud service." (Mot. at 2.)

[3] The number of pages is based on customary sized fonts, margins and pages.

3

*A. Petition*

Brewer is directed to file a petition in accordance with 28 U.S.C. § 2254 and Rule 2 of the Rules Governing § 2254 Cases in the United States District Courts (the "Habeas Rules") within the time limit required by 28 U.S.C. § 2244(d). The petition and any supporting brief, excluding exhibits, shall total no more than 100 pages and shall clearly set forth which claims are exhausted and which claims, if any, that petitioner acknowledges were not presented to the state court but further argues are open for consideration by this Court.

*B. Answer*

Respondent is directed to answer the petition as required by Rule 5 of the Habeas Rules within forty-five (45) days of the date that the petition is filed. The answer and any supporting brief, excluding exhibits, shall total no more than 100 pages. Respondent shall file a copy of all relevant state-court records at the earliest practical time and in no event later than the time that he files his answer unless otherwise ordered by the Court.

*C. Reply*

Brewer may file a reply to Respondent's answer in accordance with Rule 5(e) of the Habeas Rules, provided it is filed with the Court not more than twenty-five (25) days after the date of the certificate of service shown on the answer. Brewer's reply and any supporting brief, excluding exhibits, shall total no more than 25 pages, shall be limited to the arguments raised in Respondent's answer, and shall not include any new allegations of fact or new grounds for relief.

IV.

Brewer's motion for appointment of additional co-counsel (ECF No. 9) is **GRANTED**. The Clerk is **DIRECTED** to terminate the superseded *ex parte* motion (ECF No. 7).

Because more than two counsel have been appointed in these proceedings, all counsel for Brewer are **DIRECTED** to file with this Court a joint statement explaining whether more than two counsel are needed to represent Brewer and why, and, if the Court finds that only two counsel are needed, which two counsel should remain formally appointed in this case.

The parties are **ORDERED** to observe the briefing schedule set out above with all instructions provided.

**IT IS SO ORDERED.**

**ENTERED** this 2nd day of April, 2015.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE