IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BRENT RAY BREWER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 2:15-CV-50-J |
| | § | |
| WILLIAM STEPHENS, Director, | § | (Death Penalty Case) |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER DIRECTING COUNSEL

On April 2, 2015, this Court granted the motion of Petitioner Brent Ray Brewer to appoint attorneys with the Capital Habeas Unit of the Philadelphia Community Defender Office as additional co-counsel, and directed counsel to file a joint statement regarding who should remain formally appointed as counsel in this case. (Order, ECF No. 10.) In that order, the Court stated

> Further, the original motion requested that the Office of the Federal Public Defender for the Northern District of Texas serve as local counsel in this case. Since the present request for appointment of additional counsel was based, in part, due to the health problems of the lead counsel, Mr. Charlton, and since lead counsel resides in a different state, the Court must reconsider the initial appointment.

(Order at 3.) Following that order, Michael Charlton, the attorney originally appointed as lead counsel, filed a motion to withdraw. (ECF No. 12.) The Court finds that the motion raises further questions in reconsidering the initial appointment.

The original motion to appoint counsel requested that attorneys with the Capital Habeas Unit of the Philadelphia Community Defender Office be appointed as lead counsel, and the Federal Public Defender for the Northern District of Texas be appointed as local counsel. (ECF No. 1, at 2, 5-9.)

The motion also stated that "Federal Defender program policy requires that the office itself seek appointment." (ECF No. 1 at 8.) The controlling statute provides that the death-sentenced habeas petitioner is entitled to the appointment of "one or more attorneys" to represent him in these proceedings, 18 U.S.C. § 3599(a)(2), and that "at least one attorney so appointed must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years experience in the handling of appeals in that court in felony cases." *Id.,* § 3599(c). This statute also requires that, unless replaced, "each attorney so appointed" shall remain responsible for the protection of the death-sentenced inmate's rights throughout every subsequent stage of available judicial proceedings and available clemency proceedings until the death sentence is vacated or carried out. *Id.,* § 3599(e). This language suggests that individual attorneys having the required qualifications be appointed and remain responsible, rather than an office where the staff may change. The original motion did not show that either of the listed attorneys had the required qualifications in this circuit to represent Brewer as lead counsel, and did not otherwise provide authority for the appointment of an "office" rather than specific "attorneys" to represent Brewer under this statute.

In appointing Mr. Charlton as lead counsel, the Court also granted his oral request to appoint Philip Alan Wischkaemper as his co-counsel to serve a local counsel in this case. The Court further granted the motion to appoint additional counsel due to the concerns expressed in meeting the deadline for filing the petition in this case in light of the health problems of lead counsel. The Court, however, remains mindful of the Guide to Judiciary Policy which provides:

> While courts should not appoint more than two attorneys unless exceptional circumstances and good cause are shown, appointed counsel may, with prior court authorization, use the services of attorneys who work in association with them, provided that the employment of such additional counsel (at a reduced hourly rate) diminishes the total cost of representation or is required to meet time limits.

*Guide* § 620.10.10(c). The Court requested the joint statement in order to clarify the need more than two counsel to be officially appointed, identify which counsel were needed to be officially appointed, and determine whether this need could be met in any other way. The attorneys have filed a joint statement (ECF No. 13) which does not appear to designate who should serve as lead counsel or why more than two counsel need to be officially appointed. Instead, the joint statement appears to assume that the withdrawal of lead counsel reduces the number to two by considering that the office, rather than any of its attorneys, is appointed.

In light of the requested withdrawal of lead counsel, the Court wishes to ensure that the requirements of 18 U.S.C. § 3599 are and will continue to be fulfilled, and specifically that at least one attorney with the qualifications required under this statute is appointed to take responsibility for Brewer's continued representation until replaced by another attorney with the required qualifications. It seems impossible for the Court to know whether an office will provide the qualified representation required under this statute in future proceedings, but it also seems likely that this problem has been addressed before and that the authority for such an appointment could be provided. If the appointment of an office is shown to be appropriate under this statute, then it may be more practical to reconsider the original request to appoint the Federal Public Defender for the Northern District of Texas as local counsel, and avoid the combination of private counsel and public defenders that could create unnecessary problems with multiple counsel appointed under differing funding provisions. If not, then it may be more appropriate to appoint Mr. Wischkaemper as lead counsel, if he is willing and qualified to accept the appointment as lead counsel, to ensure that qualified counsel is in charge of the representation of Brewer and directing the duties of any attorneys in the

Capital Habeas Unit of the Philadelphia Community Defender Office that may be designated by that office.

All appointed counsel are directed to supplement their joint statement on or before **Wednesday, June 24, 2015,** by (1) identifying the attorney who should be appointed as lead counsel in this case if Mr. Charlton's request is granted along with a showing that such attorney meets the qualifications set out in 18 U.S.C. § 3599, and (2) if the attorneys seek to have an office be appointed, rather than named attorneys in the office, they must provide the legal authority to show how the appointment of an office could satisfy the requirements of 18 U.S.C. § 3599.

**IT IS SO ORDERED.**

**ENTERED** this __16th__ day of June, 2015.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE