## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | |
|---|---|
| **BRENT RAY BREWER,** § | |
| § | |
| **Petitioner,** § | |
| § | **CIVIL ACTION NO. 2:15-CV-50-J** |
| **v.** § | |
| § | **CAPITAL HABEAS CORPUS** |
| **WILLIAM STEPHENS,** § | |
| **Director, Criminal Institutions** § | |
| **Division, Texas Department of** § | |
| **Criminal Justice,** § | |
| § | |
| **Respondent.** § | |
| § | |

---

## MOTION FOR EXTENSION OF TIME TO FILE REPLY TO RESPONDENT'S ANSWER*

---

Petitioner Brent Ray Brewer respectfully requests an additional 90 days to file his Reply to Respondent's Answer.  In support of this motion, Petitioner avers as follows:

---

\* Respondent Lorie Davis opposes this Motion in part.

On May 5, 2016, Respondent filed his Answer to Petitioner's Amended Petition for Writ of Habeas Corpus. ECF No. 40. Petitioner's reply is currently due on June 30.

Petitioner requests additional time in light of substantial new responsibilities counsel has been appointed to undertake. On May 27, 2016, this Court appointed the Federal Community Defender Office to serve as co-counsel on behalf of capital habeas petitioner John Balentine in preparation for an evidentiary hearing scheduled for September 7, 2016. *See Balentine v. Davis*, 2:03-CV-39, ECF No. 198. Based on their qualifications and experience, Mr. Brewer's attorneys were assigned to serve as counsel for Mr. Balentine.

As a result, Petitioner's counsel must divert significant manpower and resources in order to perform their pressing duties in Mr. Balentine's case. Before Mr. Balentine's hearing, counsel must conduct a thorough investigation of all previous stages of litigation, including poring over the trial record, investigating direct appeal and state habeas proceedings, reviewing the groundwork laid by federal habeas co-counsel, and marshaling resources to direct any new avenues for investigation. In addition, counsel must become acquainted with the knotty issues of procedural default presented by Mr. Balentine's case and prepare for a novel

2

evidentiary hearing.  Following the Balentine hearing, counsel's workload would subside and counsel could speedily complete briefing in Petitioner's case.

Counsel has continued work apace on Petitioner's Reply.  The complexity of the arguments at issue, compounded by the diversion of resources caused by counsel's recent appointment to Mr. Balentine's case, mean that counsel needs additional time to adequately research and prepare Petitioner's Reply.

In light of these responsibilities, counsel requests an additional 90 days to complete briefing in Mr. Brewer's case.

Undersigned counsel has discussed this request with counsel for Respondents, who have indicated they are not opposed to a thirty day extension, but oppose anything longer.

WHEREFORE, Petitioner respectfully requests an additional ninety (90) days to file his Reply to Respondent's Answer.

Respectfully submitted,

/s/ Philip Alan Wischkaemper
PHILIP ALAN WISCHKAEMPER
Law Office of Philip Wischkaemper
915 Texas Avenue
Lubbock, TX 79401
(806)763-9900
miglit@aol.com
Texas State Bar #21802750

/s/ Peter Walker
PETER WALKER
Assistant Federal Defender
Federal Community Defender for the
Eastern District of Pennsylvania
Suite 545 West, The Curtis Center
601 Walnut Street
Philadelphia, PA 19106
(215) 928-0520
peter_walker@fd.org
Texas State Bar #24075445

Dated: June 29, 2016

4

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused the foregoing to be served on the following person by ECF filing:

Erich Dryden
Assistant Attorney General
Office of the Attorney General of Texas
Post Office Box 12548
Austin, Texas 78711-2548


/s/ Peter Walker
Peter Walker


Dated: June 29, 2016

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with counsel for Respondent, Assistant Attorney General Erich Dryden, who indicated he does not oppose a thirty day extension, but is opposed to any longer extension.


/s/ Peter Walker
Peter Walker



Dated: June 29, 2016