IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| **BRENT RAY BREWER,** | :<br>:<br>: CIVIL ACTION<br>Petitioner, : No. 2:15-CV-50-D<br>v. :<br>: **THIS IS A CAPITAL CASE**<br>**LORIE DAVIS,** :<br>**Director, Criminal Institutions Division,** :<br>**Texas Department of Criminal Justice.** :<br>:<br>Respondent. | |

RESPONSE
TO THE STATE'S OBJECTIONS TO THE MAGISTRATE JUDGE'S
RECOMMENDATION OF A STAY

PHILIP ALAN WISCHKAEMPER
TX Bar No. 21802750
Law Office of Philip Wischkaemper
915 Texas Avenue
Lubbock, TX 79401
(806)763-9900
miglit@aol.com

SHAWN NOLAN
PA Bar No. 53565
PETER WALKER
TX Bar No. 24075445
Federal Community Defender for the
Eastern District of Pennsylvania
Suite 545 West, The Curtis Center
601 Walnut Street
Philadelphia, PA 19106
(215) 928-0520
shawn_nolan@fd.org
peter_walker@fd.org

September 21, 2018

# TABLE OF CONTENTS

I.    Mr. Brewer's Unexhausted Claims Are Not Plainly Meritless. ...................................................... 1

    A.    The State's Objection Regarding Exhaustion Is Waived. ................................................. 1

    B.    Claim IV Is Not Plainly Meritless. .................................................................................. 4

II.   The Magistrate Judge Correctly Found There Was No Abusive Delay. ..................................... 6

III.  The Magistrate Judge Correctly Found There Was Good Cause ................................................. 9

## **TABLE OF AUTHORITIES**

**Federal Cases**

*Canales v. Stephens*, 765 F.3d 551 (5th Cir. 2014) ................................................................. 11
*Coleman v. Thompson*, 501 U.S. 722 (1991) ............................................................... 9, 10, 11
*Court. Freeman v. Cty. of Bexar*, 142 F.3d 848 (5th Cir. 1998) ................................................ 3
*Cupit v. Whitley*, 28 F.3d 532 n.5 (5th Cir. 1994) ................................................................. 3, 6
*Firefighters' Ret. Sys. v. EisnerAmper, L.L.P.*, No. 17-30273, 2018 WL 3670375
(5th Cir. Aug. 2, 2018) ............................................................................................................ 3, 6
*Hall v. Thayer*, 504 F. App'x 269 (5th Cir. 2012) ..................................................................... 9
*Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13 n.1 (2017) ............................ 3
*Haynes v. Quarterman*accord , 526 F.3d 189 (5th Cir. 2008) ................................................. 5
*Martinez v. Ryan*, 566 U.S. 1 (2012) ....................................................................................... 10
*Murphy v. Thaler*, No. 3:10-CV-163, 2010 WL 2381500, at *3 (N.D. Tex. June 8, 2010) .... 4-5
*Neville v. Dretke*, 423 F.3d 474 (5th Cir. 2005) ....................................................................... 5
*Rhines v. Weber*, 408 F. Supp. 2d 844 (D.S.D. 2005) .............................................................. 8
*Rhines v. Weber*, 544 U.S. 269 (2005) .................................................................................. 6, 8
*Sears v. Upton*, 561 U.S. 945 (2010) ...................................................................................... 11
*Trevino v. Davis*, 829 F.3d 328 (5th Cir. 2016) ...................................................................... 11
*Trevino v. Thaler*, 569 U.S. 413 (2013) .................................................................................. 10
*Wilder v. Cockrell*, 274 F.3d 255 (5th Cir. 2001) ..................................................................... 5
*Williams v. McNeil*, 557 F.3d 1287 (11th Cir. 2009) ................................................................ 3
*Williams v. Thaler*, 602 F.3d 291 (5th Cir. 2010) ............................................................... 5, 10

**Federal Statutes**

28 U.S.C. § 2254 (b)(3) ............................................................................................................. 7

**State Cases**

*Ex parte Blue*, 230 S.W.3d 151 (Tex. Crim. App. 2007) .......................................................... 8
*Ex parte Graves*, 70 S.W.3d 103 (Tex. Crim. App. 2002) ....................................................... 8
*Ex Parte Ruiz*, 543 S.W.3d 805 (Tex. Crim. App. Nov. 9, 2016) .......................................... 8, 9

On August 7, 2018, after full briefing by both parties, the Magistrate Judge issued a well-reasoned and thorough opinion granting Petitioner Brent Brewer's request to stay these federal habeas proceedings so that he may return to state court to raise unexhausted claims for relief. Following Supreme Court and Fifth Circuit precedent, the Magistrate Judge found that at least one of Mr. Brewer's unexhausted claims, Claim IV (trial counsel's alleged failure to conduct an investigation into the prior bad acts presented by the State as evidence of petitioner's alleged future dangerousness), was not plainly meritless, that state habeas counsel's apparent ineffectiveness in failing to raise this claim in state court established good cause for a stay, and that Mr. Brewer's request for a stay was not made with any dilatory intent.  FCR at 4-13.[1] The Magistrate Judge found it necessary to rule on only one of Mr. Brewer's unexhausted claims, but instructed Mr. Brewer to exhaust all other claims upon his return to state court. *Id.* at 3, 11.  In objecting to the Magistrate Judge's findings, the State takes a kitchen sink approach and levies an array of disparate arguments, many offered for the first time and inconsistent with previous positions taken by the State.  But the Magistrate Judge's findings are well-supported by the record and the law, and the State's scattershot attempts to prove otherwise should not further delay these proceedings and prevent Mr. Brewer from returning to state court to exhaust his potentially meritorious claims.

I.     **MR. BREWER'S UNEXHAUSTED CLAIMS ARE NOT PLAINLY MERITLESS.**

     A.     **The State's Objection Regarding Exhaustion Is Waived.**

The State contends regarding Claim IV that "the first two IATC claims—those pertaining to Aimee Long and Brewer's attack on Albert—are in fact exhausted." Objections at 3.  This attempt

---

[1] The Magistrate Judge's Findings, Conclusions and Recommendation to Grant Petitioner's Motion to Stay Proceedings (Doc. 67) are referred to as "FCR." The State's Objections to the Magistrate's Recommendation of a Stay (Doc. 68) are referred to as "Objections." The State's Answer to Mr. Brewer's Amended Petition (Doc. 40) is referred to as "Answer to Am. Pet." Mr. Brewer's Reply in Support of his Amended Petition (Doc. 48) is referred to as "Reply in Supp. Am. Pet." Mr. Brewer's Motion to Stay and Abey these proceedings (Doc. 53) is referred to as "Mot. to Stay." The State's Response to this Motion to Stay (Doc. 61) is referred to as "Opp. to Stay." Mr. Brewer's Reply in Support of his Motion to Stay (Doc. 62) is referred to as "Reply in Supp. Mot. to Stay."

1

to parse Claim IV into four separate claims, some exhausted and other unexhausted, is unpersuasive and at any rate waived.

In its sole pleading addressing the issue, the State argued that "[s]ome of the[] allegations are unexhausted," Answer to Am. Pet. at 63, namely "testimony from Kevin Lewis about his contact with Brewer in jail, and from Ronald Mosher and Amy Valles about Brewer's arrest in Florida," *id.* at 64. The State did not explicitly argue or concede that other portions of Claim IV were exhausted. *Id.* at 63-64.

Mr. Brewer then presented two arguments in reply: (1) either Claim IV was already exhausted, in which case the court could consider the claim *de novo* (for the reasons stated in the Reply); or (2) Claim IV was unexhausted, in which case a stay was appropriate. *See* Reply in Supp. Am. Pet. at 24-28. Petitioner's alternatives stemmed from the complexity and uncertainty of federal habeas law, which does not offer a definite answer for when a particular federal claim has been presented in state court and adjudicated on the merits.

In his Motion to Stay, Petitioner bound himself to the latter view. Petitioner argued that he had presented a claim fundamentally different from any presented in state court. *See* Mot. to Stay at 1. But contrary to the State's view—which *assumed* that any unexhausted claim would be treated as procedurally barred in state court—Petitioner argued that there was a likelihood that the state courts would hear his unexhausted claim and so the proper recourse was a stay. *See id.* at 11-15.

In opposing the stay, the State accepted Petitioner's concession. Regarding Claim IV and the other two unexhausted claims Mr. Brewer sought to raise in state court, the State only generally noted that "[t]he Director sufficiently briefed these claims in her answer, demonstrating that they are not only procedurally defaulted, but also wholly lacking in merit." Opp. to Stay at 12. Thus, the stay motion was submitted with a shared understanding that Claim IV was not exhausted.

In its Objections, the State alleges for the first time that Claim IV should be considered as four *separate* claims, of which two are exhausted. The State has "intentionally relinquished" this exhaustion argument by taking the opposite position in its Response to Mr. Brewer's Motion to Stay; in other words, the State *expressly waived* the argument. *Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 17 n.1 (2017) ("[W]aiver is the 'intentional relinquishment or abandonment of a known right.'" (citations omitted)). This kind of knowing waiver of the argument means the State's new position is foreclosed. *See Cupit v. Whitley*, 28 F.3d 532, 535 n.5 (5th Cir. 1994) ("By waiting until after the magistrate court had issued its findings and recommendations, and by admitting that Petitioner had exhausted his state remedies on all issues raised in his federal petition, Respondent has waived procedural default and exhaustion doctrine objections."); *Firefighters' Ret. Sys. v. EisnerAmper, L.L.P.*, No. 17-30273, 2018 WL 3670375, at *3 (5th Cir. Aug. 2, 2018).

Allowing the State to reverse its litigating position when it disagrees with the magistrate judge's recommendation "would eliminate efficiencies gained through the Magistrates Act and would unfairly benefit litigants who could change their tactics after issuance of the magistrate judge's report and recommendation." *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009).  The Magistrate Judge took pains to consider both parties' arguments and offered a well-reasoned recommendation.  The State treats a federal magistrate judge as "a mere sounding board" before unveiling its new litigation theory before this Court. *Freeman v. Cty. of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998).  Thus, even if this Court retains some discretion to consider some new argument from the objecting party, it should refuse to exercise it. *See Cupit*, 28 F.3d at 535 n.5; *cf. Freeman*, 142 F.3d at 852 (holding that a district court retains limited discretion to review new *evidence* in objections to a recommendation, no greater than a district court's discretion to hear new evidence and arguments under Fed. R. Civ. P. 59(e)).

3

Furthermore, the State misrepresents Mr. Brewer's position in asserting that "Brewer *conceded* that these claims were raised on state habeas review and are exhausted." Objections at 4, 6, 17. Mr. Brewer plainly did not. Instead, as already detailed above, in light of the incredible complexity of federal habeas law, Mr. Brewer argued two alternative routes to review of Claim IV. *See* Reply in Supp. Am. Pet. at 25-28.

In sum, both Mr. Brewer and the State agree that a claim or claims related to Claim IV are unexhausted, and that Claims VII and XIII are unexhausted. The most practical solution to this problem is to send the case back to the state court. The state court is in the best position to determine once and for all: 1) whether these claims were previously litigated; 2) if a claim like it was previously litigated, whether the new evidence is so different that it constitutes a new claim; and 3) whether there is an avenue for review of such a claim.

**B.     Claim IV Is Not Plainly Meritless.**

The State argues at length that Claim IV is plainly meritless because it believes the claim ultimately fails on the merits. Objections at 7-14. The State's attempt to resolve the merits of this unexhausted claim without the benefit of factual development is improper. The Magistrate Judge, after carefully considering the arguments and evidence proffered by both Mr. Brewer and the State, concluded:

> Each of the items of omitted evidence, if true, would have had some mitigating value regarding the related bad acts. Brewer has presented evidence that trial counsel had no strategic reason for not investigating such bad acts and presenting such mitigating evidence. While it is not clear whether the alleged evidence is true or what the ultimate mitigating value of such evidence would have been, it appears that this claim is not plainly meritless. Further evidentiary development of this claim appears warranted in order to determine whether it has any merit.

FCR at 11. The "plainly meritless" standard does not require any further substantive review of this claim. *See Murphy v. Thaler*, No. 3:10-CV-163, 2010 WL 2381500, at *3

4

(N.D. Tex. June 8, 2010) (claims not plainly meritless because "[t]he allegations, if true, could form the basis for habeas corpus relief"). The State's disagreement with the ultimate merits of this claim does nothing to disturb the Magistrate Judge's well-reasoned finding in this regard.

The State complains that the Magistrate Judge failed to address whether the Texas Court of Criminal Appeals (CCA) would hear Mr. Brewer's claims on the merits when determining whether these claims are plainly meritless. *See* Objections at 14-15. But under Fifth Circuit law, a claim is not "plainly meritless" unless there is an indisputable lack of an available state court remedy. *See Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005). A case is "plainly meritless" only if the court can certainly conclude that the claims are "now procedurally barred . . . in state court." *Id.*; *accord Haynes v. Quarterman*, 526 F.3d 189, 197 (5th Cir. 2008); *Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010). Unless it is "entirely clear" that a state court will apply a procedural bar, a state court "should be allowed to make the procedural, vel non, determination." *Wilder v. Cockrell*, 274 F.3d 255, 262 (5th Cir. 2001). As Mr. Brewer has pointed out in previous pleadings, the CCA may likely permit Mr. Brewer to exhaust for at least two reasons: 1) in light of the violation to his statutory right to timely appointment of qualified post-conviction counsel; and/or 2) under Article 11.071, § 5, by showing that his newly-raised claims were not previously available in light of state habeas counsel's performance. Mot. to Stay at 12-14.

Indeed, in several cases, the CCA has indicated that, in an appropriate case, it will consider reviewing the merits of a subsequent application for habeas relief raising claims that were not raised because of state habeas counsel's ineffectiveness. *Id.* at 13-14 (citing *Ex Parte Ruiz*, No. WR-27,328-03, 2016 WL 6609721, at *17-18 (Tex. Crim. App. Nov. 9, 2016) (Richardson, J., joined by Keller, P.J., and Meyers, Johnson, Keasler, and Newell, JJ.); *id.* at *18 (Johnson, J., concurring); *id.* at *22 (Alcala, J., dissenting); *Ex parte Alvarez*, 468 S.W.3d 543, 548-49 (Tex. Crim. App. 2015) (Yeary, J., concurring); and *Ex parte Medina*, No. WR–41,274–05, 2017 WL 690960 at *9 (Tex. Crim. App. Jan.

5

25, 2017) (Newell, J., concurring, joined by Keller, P.J., Yeary & Walker, JJ.)). The CCA's expressed willingness to consider a subsequent application for habeas relief just like Mr. Brewer's establishes that a return to state court is not "plainly meritless." For these reasons, the Magistrate Judge's finding that Claim IV is not plainly meritless should be adopted.

## II. THE MAGISTRATE JUDGE CORRECTLY FOUND THERE WAS NO ABUSIVE DELAY.

In its Response to Petitioner's Motion to Stay, the State focused on Petitioner's intent in seeking a stay, and argued that the stay was sought for the purpose of delay, and should therefore be denied. *See*, *e.g.*, Opp. to Stay at 3 ("…the motion appears to be sought for the purpose of delay.") The Magistrate Judge considered both parties' arguments and found that dilatory intent had not been shown. FCR at 11-13. Now, the State has changed its position and argues, for the first time, that *Rhines v. Weber*, 544 U.S. 269 (2005), does not require a showing of dilatory intent; rather, the issue, according to Respondent is now whether a petitioner engages in "abusive litigation tactics." Objections at 16. As discussed above, this newly adopted position should be considered foreclosed and waived. *Cupit*, 28 F.3d at 535; *Firefighters' Ret. Sys.*, 2018 WL 3670375 at *3. Even if this Court retains some discretion to consider this new argument, this Court should reject the State's belated attempt to recast this issue.

The State's contention that Mr. Brewer has engaged in "abusive litigation tactics" fails for several reasons. *See* Objections at 16-18. First, Respondent intimates that the court must find the Petitioner "diligent" before granting a stay. *Id.* at 17 ("…this is not a litigation pattern exemplifying diligence."); *id.* at 18 ("…lack of diligence."). However, *Rhines* requires no such finding and such an argument falls outside *Rhines*' narrow concern to dissuade "abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 279. The State contends Mr. Brewer should have filed his motion to stay

earlier in the federal proceedings, possibly before it had even filed its answer. Objections at 17-18.[2] However, the actual practice of habeas courts demonstrates that there is nothing out of the ordinary regarding the timing of Petitioner's motion to stay, let alone anything "abusive." Because exhaustion is a non-jurisdictional defense and can be raised or waived by the state, *see* 28 U.S.C. § 2254 (b)(3), any motion to stay based on a failure to exhaust before the State's Answer would have been premature. Moreover, as set forth above, contrary to the State's assertion, it was not immediately clear to either party which claims were unexhausted. Courts have routinely granted *Rhines* stays in cases where the stay motion was filed more than a year after the initial petition and long after the State's Answer. *See, e.g., Tamayo v. Stephens*, No. 4:03-cv-03809 (S.D. Tex. June 20, 2005) (Hittner, J.) (granting stay motion filed 554 days after petition filed, 228 days after state filed its answer); *McGowen v. Thaler*, No. 4:06-cv-03182 (S.D. Tex. May 12, 2008) (Harmon, J.) (granting stay motion filed 543 days after original petition filed, 181 days after last supplement); *Busby v. Thaler*, No. 4:09-cv-00160, (N.D. Tex. Aug. 17, 2012) (granting stay motion filed 445 days after petition filed, 357 days after amended petition filed); *Gonzales v. Thaler*, No. 7:12-cv-00126, (W.D. Tex July 31, 2014) (granting stay motion filed 539 days after petition filed, 227 days after amended petition filed); *Shuffield v. Director, TDCJ-CID*, No. 6:08-cv-00180, (E.D. Tex. Aug. 26, 2010) (granting stay motion filed 468 days after petition filed); *Speer v. Director, TDCJ-CID*, No. 6:08-cv-00180 (E.D. Tex. May 13, 2008) (granting stay motion filed 1028 days after filing petition).

Ironically, the State's interpretation of "abusive litigation tactics" would exclude even Mr. Rhines from the benefit of *Rhines*. After all, in *Rhines*, the Court noted that Mr. Rhines had waited more than eighteen months from the date of filing his amended petition and over two years from

---

[2] There is tension between The State's arguments regarding the depth of the "plainly meritless" analysis, which requires robust briefing from both parties and detailed analysis of the merits of the underlying claims, and its contention that a petitioner must seek a stay early in the habeas proceedings.

7

the date of his original petition before moving for a stay, yet no court impugned Mr. Rhines's motive. *See Rhines*, 544 U.S. at 272-73; *see also Rhines v. Weber*, 408 F. Supp. 2d 844, 853 (D.S.D. 2005) (finding that Rhines has not engaged in intentionally dilatory litigation tactics).

The Magistrate Judge noted Petitioner's explanation that he did not request a stay earlier because it would have been futile before the CCA issued its decision in *Ex Parte Ruiz*, 543 S.W.3d 805 (Tex. Crim. App. Nov. 9, 2016). FCR at 12.[3] Respondent contends that Ruiz "changed nothing" and did not present a new opportunity to bring successive claims based on state habeas counsel's ineffectiveness in state court. Objections at 18-19. Rather, the State argues, the state courts could have considered Petitioner's unexhausted claims at any time prior to *Ruiz* under the specific subsection of Article 11.071, § 5(a)(3). *Id.* In making this argument, Respondent contradicts her previous arguments that Petitioner's unexhausted claims would be procedurally barred in state court. More importantly, the State's argument that Article 11.071 § 5(a)(3) has "always been available" to Mr. Brewer, Objections at 18-19, demonstrates a misunderstanding of that statute. Article 11.071 § 5(a)(3) allows the state courts to consider the merits of a successive habeas application only when the applicant establishes by clear and convincing evidence that "no rational juror 'would' have answered at least one of the statutory special punishment issues in the state's favor." *Ex parte Blue*, 230 S.W.3d 151, 161 (Tex. Crim. App. 2007). The CCA has interpreted this provision as being limited to cases in which the applicant can show "actual innocence of the death penalty," or constitutional ineligibility for the death penalty, for example, due to age or mental retardation. *Id.* Thus, the state courts would not be able to consider the merits of Mr. Brewer's

---

[3] Prior to *Ruiz*, the CCA held in *Ex parte Graves* that an applicant could not allege state habeas counsel's ineffectiveness as a basis for filing a subsequent writ under Article 11.071 § 5(a)(1). *Ex parte Graves*, 70 S.W.3d 103, 117 (Tex. Crim. App. 2002). In *Ex parte Ruiz*, every participating member of the Court expressed a new willingness to revisit its holding in *Ex parte Graves*, and consider reviewing the merits of subsequent state habeas applications raising new claims that were not raised in initial petitions because of state habeas counsel's ineffectiveness.

8

unexhausted claims under this provision. As the Magistrate Judge correctly found, Mr. Brewer's request for a stay was properly made only after the CCA's decision in *Ruiz*, 542 S.W.3d 805.

Respondent further contends that the Magistrate Judge erred by accepting Petitioner's argument that the issue of dilatory intent is focused on the timing of the failure to exhaust rather than the timing of the motion to stay. *See* Objections at 21. However, Respondent is mistaken. The Magistrate Judge did not reach a ruling on this matter. Instead, the Magistrate, assumed that the proper standard is whether dilatory intent is shown in the timing of the motion to stay (as Respondent had argued), and found that Respondent had not demonstrated that Petitioner acted with dilatory intent. FCR at 13. For these reasons, the Magistrate Judge's finding that Mr. Brewer did not act with dilatory intent or abusive delay should be adopted.

### III. THE MAGISTRATE JUDGE CORRECTLY FOUND THERE WAS GOOD CAUSE

The Magistrate Judge correctly found that there is good cause for a *Rhines* stay while Mr. Brewer returns to state court. The State's dispute over the proper standard for establishing good cause under *Rhines* is ultimately inconsequential, as the Magistrate Judge noted that the State "appears to acknowledge that 'good cause' under *Rhines* can be established by showing ineffective assistance of habeas counsel," *id.* at 5, before finding that "Brewer has produced evidence of deficient performance by state habeas counsel regarding this claim," and "shown the kind of 'reasonable excuse, supported by evidence' that other courts have found to show good cause to justify a petitioner's failure to exhaust." *Id.* at 9 (citing *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014)).

At any rate, the State's argument, for the first time, that Fifth Circuit "precedent" of a single unpublished case, *Hall v. Thayer*, 504 F. App'x 269, 284 (5th Cir. 2012) (unpublished), establishes that the standard for "good cause" under *Rhines* is the same as the standard for excusing a procedural default under *Coleman v. Thompson*, 501 U.S. 722 (1991), is unpersuasive. Under Fifth Circuit rules,

9

the unpublished *Hall* opinion is obviously not precedent. *See* 5th Cir. R. 47.5.4 ("Unpublished opinions issued on or after January 1, 1996, are not precedent, except under the doctrine of res judicata, collateral estoppel or law of the case.").

And the State strains to locate the same rule in *Williams v. Thaler*, 602 F.3d 291, 308-09 (5th Cir. 2010), to no avail. In *Williams*, the petitioner sought a certificate of appealability on the dismissal of some claims as procedurally defaulted and the denial of his stay motion. In support of the chance to appeal, petitioner argued that the same fact—state habeas counsel's conflict of interest—was both the cause for overcoming the procedural default of his claims and served as good cause for a stay. The court "reject[ed a] claim that state habeas counsel's alleged conflict of interest was good cause under *Rhines* because habeas counsel's deficiency is inadequate to overcome procedural bar," but this reasoning is obsolete, as *Williams* was decided prior to the Supreme Court's decisions in *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), where the Supreme Court held that state habeas counsel's ineffectiveness is in fact adequate cause to overcome the procedural default of a claim of trial counsel's ineffectiveness like that at issue in *Williams*. Neither *Hall* nor *Williams* establish that the standard of good cause for a stay under *Rhines* is dictated by the good cause standard for excusing the procedural default of a claim from *Coleman v. Thompson*, 501 U.S. 722 (1991). Rather, as the Magistrate Judge recognized, "'Good cause' under *Rhines* has not been defined by either the Supreme Court or the United States Court of Appeals for the Fifth Circuit," but the cause required to excuse a procedural default under *Coleman* "appears to be a more stringent standard than applied by most courts" for good cause for a *Rhines* stay. FCR at 6-7. The Magistrate Judge then properly concluded that good cause for a *Rhines* stay is a lower burden than cause for excusing a procedural default under *Coleman* because "[t]he Supreme Court has recognized that good cause under *Rhines* is established in the absence of any showing of cause and prejudice to excuse a procedural bar," and "[i]t would make little sense to require a habeas petitioner to plead and

10

prove what would be necessary for him to obtain relief in federal court so that he may obtain a stay of the federal proceedings to develop and present those same claims to the state court." *Id.* at 7-8.

The State further complains that the Magistrate Judge's finding of "good cause" was "premised exclusively on a declaration from Richard Wardroup, Brewer's state habeas counsel, in which he concedes that his representation was deficient." Objections at 23. State habeas counsel's extensive affidavit—made against his professional interest—strongly supports Mr. Brewer's return to state court for exhaustion and further evidentiary development. But the State ignores Mr. Wardroup's sworn statement, and contends that state habeas counsel could not have been deficient because of the length of Mr. Brewer's state habeas application and the amount of hours and experts employed in drafting this application. *Id.* at 23. This drive-by analysis of state habeas counsel's deficiency based on tallying the number of hours and pages accumulated by a lawyer is utterly wrong, as already detailed in Mr. Brewer's Reply to the State's Response to his Motion to Stay. *See* Reply in Supp. Mot. to Stay at 5-6. As the Supreme Court has stated, "We certainly have never held that counsel's effort to present some mitigation evidence should foreclose an inquiry into whether a facially deficient mitigation investigation might have prejudiced the defendant." **Sears v. Upton,** 561 U.S. 945, 955 (2010). Similarly, the presentation of *some* claims in state habeas does not foreclose an inquiry into counsel's deficient investigation of other claims. Under Fifth Circuit law, state habeas counsel had an obligation to conduct a reasonable investigation into each possible basis for relief, notwithstanding how well other claims might have been raised and preserved. *See Trevino v. Davis*, 829 F.3d 328, 348 (5th Cir. 2016); *Canales v. Stephens*, 765 F.3d 551, 569 (5th Cir. 2014).

For these reasons, the Court should adopt the Magistrate Judge's finding that Mr. Brewer has established good cause for a *Rhines* stay to return to state court.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ Peter Walker |
| PHILIP ALAN WISCHKAEMPER | SHAWN NOLAN |
| TX Bar No. 21802750 | PA Bar No. 53565 |
| Law Office of Philip Wischkaemper | PETER WALKER |
| 915 Texas Avenue | TX Bar No. 24075445 |
| Lubbock, TX 79401 | Assistant Federal Defenders |
| (806)763-9900 | Federal Community Defender for the |
| miglit@aol.com | Eastern District of Pennsylvania |
|  | Suite 545 West, The Curtis Center |
|  | 601 Walnut Street |
|  | Philadelphia, PA 19106 |
|  | (215) 928-0520 |
|  | shawn_nolan@fd.org |
| September 21, 2018 | peter_walker@fd.org |

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I served the foregoing motion on the following by operation of the electronic case filing system:

Erich Dryden
Assistant Attorney General
Office of the Attorney General of Texas
Post Office Box 12548
Austin, Texas 78711-2548

/s/ Peter Walker
Peter Walker

September 21, 2018