IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BRENT RAY BREWER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 2:15-CV-50-D-BR |
| | § | |
| LORIE DAVIS, Director, | § | (Death Penalty Case) |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER TO STAY PROCEEDINGS

On August 7, 2018, the United States Magistrate Judge entered findings and conclusions recommending a stay of these proceedings. For the reasons set out below, the court **ADOPTS** the recommendation and **STAYS** these proceedings.

**I**

Petitioner Brent Ray Brewer has filed a motion to stay these proceedings to exhaust claims in state court, including a claim that trial counsel was ineffective for failing to investigate prior bad acts that were presented by the State as evidence of petitioner's future dangerousness. (Motion, doc. 53, at 9-10; Petition, doc. 28, at 63-75.) Finding this claim not plainly meritless, the magistrate judge recommended that the motion be granted, these proceedings stayed for exhaustion, and Brewer's other motions denied as moot. (Recommendation, doc. 67.) On August 20, 2018, respondent filed her objections to the recommendation to stay these proceedings. (Objections, doc. 68.) On September 21, Brewer filed his response to the objections. This court has conducted a de novo

review of the motion to stay these proceedings and those parts of the recommendation to which objection was made.

## II

Respondent objects that the magistrate judge recommended a stay for a claim that was partially exhausted, plainly meritless, and procedurally barred. Respondent also complains that the magistrate judge erred in holding that Brewer had not engaged in abusive litigation tactics and in finding good cause to stay these proceedings. (Objections, doc. 68.) Brewer responds that the magistrate judge's recommendation is correct, that respondent has waived any objection regarding exhaustion, that the claim is not plainly meritless, that there was no dilatory intent, and that good cause exists for a stay of these proceedings. (Response, doc. 75.)

## III

The district court has discretion to stay its proceedings and allow a petitioner to exhaust a claim in state court if it finds good cause for the petitioner's failure to exhaust a claim that is not plainly meritless and where the petitioner has not "engaged in intentionally dilatory litigation tactics." *Rhines v. Weber,* 544 U.S. 269, 277-78 (2005).

Regarding the fourth claim in Brewer's amended petition, the magistrate judge found that Brewer showed good cause in that state habeas counsel admitted that he failed to perform an adequate investigation into those bad acts presented by the state in the punishment phase of Brewer's trial to prove future dangerousness. (Rec. at 8-9.) The magistrate judge also concluded that the claim was not plainly meritless, pointing out that the missed evidence had some mitigation value and that federal habeas counsel obtained proof from trial counsel that he also did not perform an adequate investigation without any strategic reason. (Rec. at 9-11.) The magistrate judge also found that

2

respondent had not rebutted the explanation of the timing of the motion to stay that was provided by federal habeas counsel–that a new state court opinion gave rise to an argument that the state court may consider the claim in a subsequent state habeas petition. Therefore, the magistrate judge concluded that respondent had not shown dilatory intent. (Rec. at 12-13.)

Brewer complains that respondent presents new arguments in opposition to the stay that were not presented to the magistrate judge. Brewer asserts that respondent's attempt to parse out his fourth claim into separate claims in arguing that some of them were exhausted in the state court is waived. (Resp. at 1-2.) Although Brewer's argument has some purchase, even considering respondent's argument it is clear that the claim is unexhausted. Regarding those portions of the claim that respondent now asserts were exhausted, the recommendation notes significant new evidence apparently obtained after the state court denied Brewer's claims resulting in new allegations before this court.

Respondent asserts that Brewer presented his allegation regarding trial counsel's failure to interview Aimee Long ("Long") to the state court. (Obj. at 3 (citing 2 SHCR 291-92).) The version presented to the state court, however, did not mention what Long would have said, including that she did not know him to be a violent person, he was not dangerous, she never saw him argue or fight with anyone at school, the incident was out of character for Brewer, and she believes he did not intend to hurt her. (Handwritten Statement of Long, doc. 19-5, at pp. 35-37.) The declaration is dated June 16, 2015, after the state court denied relief on September 17, 2014. Therefore, such allegations and evidence appear to have not been part of what was presented to the state court.

Regarding Brewer's claim that his trial counsel did not present evidence from his father's other wives and children, respondent also asserts that this identical claim was presented to the state

3

court (Obj. at 3 (citing 2 SHCR 292-93, 296, 298-99, 306-18, 328-31, 335-38)) and "the issue arose at the state habeas evidentiary hearing." (Obj. at 3 (citing 2 SHRR 107-09, 236-37; 3 SHRR 79).) Respondent has not pointed this court to any place in the state court record where the details of Albert Brewer's violent abuse of his wife Pat or her daughter Corrie we presented. The only portion referencing violence in that marriage stated generally that "Pat and Albert ultimately split in part due to Albert's violence and in part because he believed Pat was cheating on him." (2 SHCR at 306.) Brewer's federal habeas counsel has indeed presented "chilling stories of unprovoked and unpredictable violence" by Brewer's father against his ex-wife Pat and their daughter, Corrie Brewer. (Obj. at 9 (citing Rec. at 10).)

This includes the affidavit of Corrie Brewer stating, "[o]n the day I was born in 1974, Albert stabbed me in the chest with an ice pick while I was still in the hospital because I was a girl and he wanted a boy. I still have a scar." (Decl. of Corrie Brewer, doc. 19-5, at 21.) The declaration dated July 30, 2015, also references daily beatings of her mother, Pat, of Albert's throwing a dinner at Pat that she cooked for him and his friends, Corrie's learning to dodge unopened beer cans Albert would throw at her in anger, and Albert's stabbing in the chest the horse he bought for Corrie. (Decl. of Corrie Brewer at 21.) The declaration also includes details of the emotional impact on both of them because of Albert's abuse including running scared from Albert, hiding and constantly moving for years, flashbacks about the beatings and abuse, learning to protect themselves, storing guns and knives all over the house, nightmares, waking up screaming, living as a recluse afraid of people, diagnosed with agoraphobia and post-traumatic stress syndrome, and sleeping with "a Russian Rueger under my pillow" to this day. (Decl. of Corrie Brewer at 21-22.) None of these allegations was mentioned in the portions of the state court record cited by respondent despite their potential

4

corroboration of the pattern of abuse inflicted by Albert that resulted in Brewer's attack on him.

The recommendation also referenced affidavits from Brewer's trial counsel admitting to the failure to conduct an adequate investigation into these bad acts without any strategic reason. (Rec. at 11.) This is significant new evidence that federal habeas counsel apparently obtained on July 31, 2015, after the state court denied relief. (Decl. of Anthony Ordione, Esq., doc. 19-4, at 66-71; Decl. of Rob Cowie, doc. 19-5, at 1-3.) Had this evidence been presented to the state court, it may well have led to a different outcome. The magistrate judge correctly determined that Claim IV has not been fairly presented to the state court and that is it not plainly meritless.

Respondent also objects to the finding that the ineffective assistance of Brewer's state habeas counsel in failing to properly investigate the mitigation evidence to counter the bad acts presented by the prosecution establishes good cause for a stay of these proceedings for exhaustion. (Obj. at 22-24.) Respondent argues that the only evidence to show ineffective assistance of state habeas counsel came from state habeas counsel. (Obj. at 23-24.) This argument overlooks the independent record that reveals that such allegations and evidence were not obtained and presented to the state court. While respondent correctly points out that state habeas counsel presented other claims, obtained other evidence, and was granted an evidentiary hearing, this does not mean that counsel could not be ineffective in failing to investigate this claim. Counsel may well be effective in some respects and not others. Counsel's own admission can form the basis of a finding of some merit to the claim. *See Canales v. Stephens,* 765 F.3d 551, 569 (5th Cir. 2014).

Respondent also criticizes the recommendation for failing to address an unpublished opinion that respondent did not present to the magistrate judge that the ineffectiveness of state habeas counsel could not constitute good cause for a *Rhines* stay. (Obj. at 22-23 (citing *Hall v. Thaler,* 504

Fed. Appx. 269, 284 (5th Cir. 2012).) Before the magistrate judge, however, respondent argued that "the ineffectiveness of state habeas counsel cannot operate as cause to excuse Brewer's failure to exhaust with regard to any claim *other than the ineffectiveness of trial counsel*." (Response in Opposition to Stay, doc. 61, at 7) (citing *Martinez v. Ryan,* 566 U.S. 1 (2012)) (emphasis added). The recommendation relied on this position in holding that "[b]oth parties appear to acknowledge that the ineffectiveness of state habeas counsel under *Martinez* could establish 'good cause' to excuse Brewer's failure to exhaust claims of ineffectiveness of trial counsel under *Rhines*." (Rec. at 6 (citing doc. 61 at 7).) *Hall,* however, is not binding precedent, but even if it were, respondent has waived any reliance upon it by her briefing before the magistrate judge and has not shown that the reasoning of *Hall* would apply to this case.

Relying on *Ex parte Medina,* 361 S.W.3d 633 (Tex. Crim. App. 2011), Hall requested a stay of the federal proceedings to return to state court to exhaust claims that his state habeas counsel did not present to the state court. Hall argued that the same counsel found ineffective in *Ex parte Medina* was also his state habeas counsel and engaged in the same ineffective conduct that the state court found sufficient to allow Medina to file a new habeas petition. The Court of Appeals rejected this argument, finding that "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error." *Hall,* 504 Fed. Appx. at 284 (quoting *Coleman v. Thompson,* 501 U.S. 722, 753 (1991).) The agency rule in *Coleman* was modified by *Martinez v. Ryan,* 566 U.S. 1 (2012), however, to allow inmates to raise the ineffectiveness of their state habeas counsel in failing to present claims of ineffective assistance of trial counsel to the state court. Even so, *Hall* does provide some authority for the proposition that the state court would not have

6

considered a new claim in a subsequent habeas petition based on the ineffectiveness of state habeas counsel, at least before *Ex Parte Ruiz,* 543 S.W.3d 805 (Tex. Crim. App. Nov. 9, 2016).

Respondent also argues that Brewer engaged in "abusive litigation tactics" rather than the dilatory intent that she asserted before the magistrate judge. (Obj. at 16-22.) While this appears intended to overcome the finding that respondent had not rebutted the explanation provided by Brewer's counsel for the timing of the motion to stay these proceedings, the outcome is the same. Such "intentionally dilatory litigation tactics," *Rhines,* 544 U.S. at 278, would require the same showing of intent that respondent failed to make to the magistrate judge.

In explaining the timing of the motion to stay these proceedings, Brewer's counsel explained that prior to *Ex Parte Ruiz,* a motion for a stay would have been futile. (Reply, doc. 62, at 1.) In her objections, respondent argues that *Ruiz* changed nothing and that the exception to the procedural bar set out in Texas Code of Criminal Procedure, Article 11.071, Section 5(a)(3) was always available to Brewer. (Obj. at 18-19.) Respondent also argues, however, that his claim does not fall within any exception to the state's procedural bar of subsequent habeas applications. (Obj. at 14-15.) Therefore, it appears reasonable that Brewers' counsel would not have considered a stay for exhaustion to be an option, at least prior to *Ruiz.* Even so, federal courts in post-conviction habeas-corpus proceedings do not generally sit to determine questions of state law. *See Bradshaw v. Richey,* 546 U.S. 74, 76 (2005); *Engle v. Isaac,* 456 U.S. 107, 119 (1982). Whether *Ruiz* opens the door as wide as Brewer argues appears to be a matter for the state court, rather than this court, to decide. *See, e.g., Wilder v. Cockrell,* 274 F.3d 255, 262-63 (5th Cir. 2001) (holding that because it was not entirely clear to the federal court, the state court should be allowed to make the procedural bar, *vel non,* determination.)

7

Respondent also complains that the magistrate judge found persuasive "Brewer's second delayed filing excuse" that the motion for stay was filed a few days after *Davila v. Davis,* 137 S. Ct. 2058 (2017), that "casts some doubt" on whether federal courts should find claims to be procedurally barred by state court determinations that were never made. (Obj. at 20 (citing Rec. at 12).) Whether or not the referenced footnote in *Davila* casts doubt on the practice does not show any dilatory intent or abusive tactic by Brewer's counsel. Although there was a delay of several months between the *Ruiz* decision and *Davila,* this court agrees with the magistrate judge's conclusion that respondent had not shown dilatory intent in the timing of the motion to stay these proceedings.

This court adopts the magistrate judge's recommendation to stay these proceedings to allow Brewer to develop and present his fourth claim to the state court. The court also agrees with the recommendation that during the stay of these proceedings, Brewer should present any unexhausted claims to the state court that he may have. Brewer's other pending motions are denied without prejudice as moot because of the stay of these proceedings.

**ORDER**

The recommendation of the United States magistrate judge is **ADOPTED**, and these proceedings are **STAYED** while Brewer pursues his state habeas remedies in accordance with the recommendation and this memorandum opinion and order. The other pending motions, Brewer's motion for leave to supplement his amended petition and his motion for discovery and an evidentiary hearing, are **DENIED** as moot.

Accordingly, Brewer is **ORDERED** to file an application for post-conviction relief in the state court on these claims within 60 days of the date of this memorandum opinion and order, and, unless he obtains the sought relief in state court, to return to this court within 45 days after he

exhausts his state court remedies. If relief is granted by the state court, respondent must promptly notify this court and if such grant of relief causes the remaining claims to become moot, then these proceedings shall be dismissed. If Brewer fails to comply with this memorandum opinion and order, these proceedings shall be dismissed.

The clerk of court is directed to administratively close this case for statistical purposes, but nothing in this memorandum opinion and order shall be considered a final dismissal or disposition of this case. This case shall be reopened upon proper motion filed in accordance with the provisions of this memorandum opinion and order.

**SO ORDERED.**

DATED September 25, 2018.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE