

UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BRENT RAY BREWER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 2:15-CV-50-Z-BR |
| | § | |
| LORIE DAVIS, Director, | § | |
| | § | |
| Respondent. | § | |

## ORDER

In a Memorandum Opinion and Order issued on September 25, 2018 (ECF no. 76), this Court stayed proceedings to permit Petitioner to return to state court and to exhaust available remedies on certain claims. In an advisory letter filed on December 6, 2019 (ECF no. 92), Petitioner advised the Court that he has now done so. Accordingly, it is hereby ORDERED that:

1. The Clerk of this Court shall re-open this case administratively.

2. On or before March 3, 2020, Petitioner shall file, and serve on the Criminal Appeals Division of the Office of the Texas Attorney General, his second amended federal habeas corpus petition in this cause. Petitioner's second amended petition shall (1) comply with Rule 2(c) of the *Rules Governing Section 2254 Cases in the United States District Courts*, (2) set forth the factual and legal basis for all grounds for federal habeas corpus relief under Title 28 U.S.C. §2254 that this Court should consider in connection with his capital murder conviction and sentence of death, and (3) comply in all respects with this Court's Local Rules, including the page limitations contained in Rule 7.5. Because this Court adopted Local Rule 7.5 *after* the date Petitioner filed his first amended petition, Petitioner is advised that compliance with the page limitations in Local

Rule 7.5 may be obtained in Petitioner's second amended petition by incorporating by reference relevant portions of Petitioner's first amended petition, filed December 14, 2015 (ECF no. 31).

3. Respondent shall file his answer to Petitioner's second amended federal habeas corpus or other responsive pleading on or before ninety days after receipt of a copy of Petitioner's second amended federal habeas corpus petition. Respondent's answer or other responsive pleading shall conform to the requirements of Rule 5 of the *Rules Governing Section 2254 Cases in the United States District Courts*, Rule 12 of the *Federal Rules of Civil Procedure*, and this Court's Local Rules. In her answer or other responsive pleading to Petitioner's second amended petition, Respondent may likewise incorporate by reference relevant portions of Respondent's previous pleadings. Respondent shall serve Petitioner's counsel of record with a copy of said answer or other responsive pleading in accordance with the provisions of Rule 5(b) of the *Federal Rules of Civil Procedure*.

4. <u>Exhaustion and Procedural Bar Issues</u>. Respondent shall clearly and directly state whether Petitioner has exhausted available state remedies on each of the grounds for federal habeas corpus relief set forth in Petitioner's second amended federal habeas corpus petition. If Respondent denies that Petitioner has exhausted available state remedies with regard to each ground for federal habeas corpus relief set forth in Petitioner's second amended petition, Respondent shall explain, in detail, those state remedies still available to Petitioner with regard to each unexhausted claim. If Respondent asserts that Petitioner has procedurally defaulted on any ground for relief contained in Petitioner's second amended federal habeas corpus petition, Respondent shall explicitly assert that defense and identify with specificity which of the Petitioner's grounds for relief Respondent contends are procedurally defaulted from consideration by this Court.

5. <u>Abuse of the Writ</u>. If Respondent asserts that Petitioner has abused the writ, Respondent shall explicitly assert that defense and identify with specificity which of the Petitioner's grounds for relief herein were either included in a prior federal habeas corpus petition or could, with the exercise of due diligence on Petitioner's part, have been included in an earlier federal habeas corpus petition filed by Petitioner.

6. <u>Second or Successive Petition</u>. If Respondent asserts that this is a second or successive federal habeas corpus petition filed by Petitioner attacking the same state criminal judgment and that Petitioner has failed to comply with the requirements of Title 28 U.S.C. §2244, Respondent shall explicitly assert that defense.

7. <u>Limitations</u>. If Respondent asserts that Petitioner has failed to file any claim for relief in this federal habeas corpus action within the one-year statute of limitations set forth in Title 28 U.S.C. §2244(d), Respondent shall explicitly assert that defense and identify with specificity the date on which the one-year limitations period applicable to Petitioner's federal habeas corpus petition began to run and all time periods, if any, during which that limitations period was tolled.

8. <u>State Court Records</u>.  On or before thirty (30) days after the date Respondent files his answer or other responsive pleading to Petitioner's second amended petition in this cause, Respondent shall submit to the Clerk of this Court true and correct copies of all pertinent state court records from Petitioner's state trial, direct appeal, and state habeas corpus proceedings not previously submitted by Respondent.  In cases in which Petitioner asserts a claim pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986), Respondent shall also file true and correct copies of all juror questionnaires completed by any and all members of the jury venire from which Petitioner's petit jury was selected.  Petitioner is advised that it is unnecessary for him to file copies of any state court records in this case.

9. <u>Petitioner's Reply</u>. On or before thirty (30) days after the date Respondent serves Petitioner's counsel of record with a copy of Respondent's answer or other responsive pleading, Petitioner shall file with the Clerk of this Court *and* serve on Respondent's counsel of record any reply he wishes to make to Respondent's answer or other responsive pleading.

10. <u>Extensions</u>. Any party seeking an extension on any of the foregoing deadlines shall file a written motion requesting such extension *prior* to the expiration of the deadline in question and shall set forth in such motion a detailed description of the reasons why that party, despite the exercise of due diligence, will be unable to comply with the applicable deadline.

11. All pleadings, motions, and other documents filed in this cause shall conform in all respects to this Court's Local Rules.

12. All further proceedings in this case are **REFERRED** to the responsible Magistrate Judge in conformity with 28 U.S.C. § 636(b) and this Court's Special Order 3-251.

**SIGNED December** _20_, **2019.**

_____
MATTHEW KACSMARYK
UNITED STATES DISTRICT JUDGE