UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BRENT RAY BREWER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 2:15-CV-50-Z-BR |
| | § | |
| LORIE DAVIS, Director, | § | |
| | § | |
| Respondent. | § | |

**ORDER**

The matters before the court are (1) Petitioner's unopposed motion, filed March 30, 2020 (ECF no. 101), seeking ex post facto permission to file a motion for discovery and evidentiary hearing that exceeds this Court's Local Rule 7.1 in terms of its length and (2) Petitioner's unopposed motion, filed March 30, 2020 (ECF no. 102), requesting leave to file a Second Amended Petition the length of which also exceeds this court's Local Rules.

Because Respondent does not oppose either motion, the court will grant both. However, at the time he filed his Second Amended Petition, Petitioner filed an appendix of several hundred pages (ECF no. 104). Petitioner neither sought nor obtained permission from this court to file his appendix. In addition, in paragraph 8 of this court's Order issued December 20, 2019 (ECF no. 93), this court directed Respondent, not Petitioner, to file properly authenticated copies of all relevant state court records from Petitioner's most recent state habeas corpus proceeding. The documents comprising Petitioner's appendix are unaccompanied by any documentation indicating those documents were ever fairly presented to any state court. Hence, they will be stricken from the record. This Court may

not consider any document in connection with Petitioner's Second Amended petition which Petitioner failed to fairly present to the state courts during his direct appeal or state habeas corpus proceedings. *See Cullen v. Pinholster*, 563 U. S. 170, 181-82 (2011):

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time *i.e.,* the record before the state court.

Petitioner's unopposed motion (ECF no. 101), for leave to file a motion for discovery and evidentiary hearing that exceeds the length permitted by this court's Local Rules is **GRANTED.** Petitioner's unopposed motion (ECF no. 102), for leave to file a Second Amended Petition that exceeds the length permitted by this court's Local Rules.is **GRANTED.** Petitioner's appendix to his Second Amended Petition (ECF no. 104) is **STRICKEN.** Respondent is still obligated to comply with paragraph 8 of this court's Order issued December 20, 2019 (ECF no., 93), i.e., to submit to the Clerk of this court a complete set of all state court records filed or admitted into evidence during Petitioner's latest state habeas corpus proceeding, along with a verbatim transcription of any evidentiary hearing(s) held in that proceeding.

**SIGNED April 1, 2020.**

_____
**LEE ANN RENO**
**UNITED STATES MAGISTRATE JUDGE**