IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| BRENT RAY BREWER,  §  <br>     Petitioner, § <br> § <br> v. § <br> § <br> LORIE DAVIS, § <br> Director, Texas Department of § <br> Criminal Justice, § <br> Correctional Institutions Division, § <br>     Respondent. § | No. 2:15-cv-00050-Z-BR <br> *CAPITAL CASE* |

**RESPONDENT DAVIS'S UNOPPOSED MOTION FOR LEAVE TO FILE ANSWER IN EXCESS OF THE PAGE LIMITATIONS**

Petitioner Brent Ray Brewer was convicted and sentenced to death in Texas state court for the robbery and murder of Robert Laminack. After the grant of federal habeas relief, Brewer received a new punishment hearing. Once again he was sentenced to death, and he now challenges that presumptively valid sentence in this Court pursuant to 28 U.S.C. §§ 2241 & 2254. Docket Entry (DE) 103. By July 20, 2020, the Director will file an answer to Brewer's petition. Pursuant to Northern District Local Rule CV 7.5(b), the Director's answer is to be no more than 100 pages. For the following reasons, the Director respectfully requests leave to file her answer in excess of the 100-page limit. Specifically, the Director requests leave to file an answer of no more than 160 pages.

The Director acknowledges that this page request may seem excessive. However, the Director believes sufficient reasons exist for this request. Brewer's second amended petition, filed March 30, 2020, is 128 pages, roughly the same length

as his first amended petition. *See* DE 31 & 103. However, much has transpired since Brewer filed his original amended petition. He has filed (1) a reply, DE 48; (2) a motion to supplement or amend the record with a brief in support, which this Court granted, DE 49 & 51; (3) a motion to stay and abate, which this Court also granted, DE 53, 67 & 76; (4) a subsequent state habeas application, which the Court of Criminal Appeals (CCA) dismissed, DE 92 & 93; and (5) a motion for discovery and an evidentiary hearing, which is pending and to which the Director responded, DE 94 & 97. Moreover, Brewer just recently filed a document addressing supplemental authority, *Andrus v. Texas*, 140 S. Ct. 1875 (2020), in support of two of his claims. DE 110. The Director is addressing this case in detail. Brewer's petition also raises fourteen claims for relief, and his first five contain multiple sub-claims. Given that these additional filings contain arguments pertaining to the claims Brewer is raising, there is much more for the Director to address this time around.

Additionally, Brewer asserts numerous and varied constitutional claims for relief in his second amended petition, but the Director's response to each claim must, in most instances, necessarily exceed the number of pages Brewer uses to brief each claim. The reason for this has to do with the AEDPA and the defenses the Director must assert. For instance, many of the claims were adjudicated on the merits by the state court on state habeas review. Because federal courts must defer to a state court's adjudication of a habeas claim, this requires the Director to address the state court findings prior to addressing the federal constitutional law and merits of the individual claims. The Director believes it would do the Court and this case a

disservice to simply mention the findings and move on. On the other hand, some of Brewer's claims were raised in his successive habeas application dismissed for abuse of the writ or are unexhausted. In those instances, the Director must assess the procedural default—and the precedent in support—before addressing the merits of the claims. And with some claims adjudicated on the merits by the state court, Brewer presents new evidence in support, which requires the Director to address whether that evidence is barred under *Cullen v. Pinholster*, 563 U.S. 170 (2011).

The Director acknowledges that this Court's order of December 20, 2019, allows the parties to incorporate by reference relevant portions of prior pleadings filed in this case. DE 93 at 1–2. That would likely reduce the number of pages in the Director's answer. However, the Director believes it is to the parties' and the Court's benefit to have all facts, findings, legal precedent, and arguments contained within a single document rather than referring back and forth between various documents, particularly considering all the documents that have been filed by the parties in this case.

In sum, due to these additional filings combined with the number of claims raised and the fact that Director has only one opportunity to answer and assert all defenses and arguments, the Director believes that the additional page length is merited. Thus, the Director moves this Court for leave to file an answer in excess of the 100-page limit, and file an answer that is no more than 160 pages, excluding the tables of contents and authorities. Counsel for Brewer are not opposed to this motion.

        Respectfully submitted,

        KEN PAXTON
        Attorney General of Texas

        JEFFREY C. MATEER
        First Assistant Attorney General

        MARK PENLEY
        Deputy Attorney General
        for Criminal Justice

        EDWARD L. MARSHALL
        Chief, Criminal Appeals Division

        /s/ Erich Dryden
        *ERICH DRYDEN
*Attorney-in-Charge        Assistant Attorney General
        State Bar No. 24008786

        P.O. Box 12548, Capitol Station
        Austin, Texas 78711-2548
        (512) 936-1400
        (512) 320-8132 (Fax)

        ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Petitioner, Peter Walker, has been contacted, and Mr. Walker stated that neither he nor co-counsel are opposed to the relief requested in the instant motion.

        /s/ Erich Dryden
        ERICH DRYDEN
        Assistant Attorney General

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing Unopposed Motion for Leave to File Answer in Excess of the Page Limitations has been served electronically to Philip Wischkaemper, Peter Walker, and Shawn Nolan, counsel for the Petitioner, on this the 14th day of July, 2020.

/s/ Erich Dryden
ERICH DRYDEN
Assistant Attorney General
